18-1779
Li v. Barr

BIA
Loprest, IJ
A205 402 810

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> *Circuit Judges.*

_____

QING LI,

> *Petitioner,*

> v.                                                                                          18-1779

WILLIAM P. BARR, United States Attorney General,
> *Respondent.*

_____

For Petitioner:                         Nataliya I. Gavlin, Gavlin & Associates, P.C., New York, NY.

For Respondent:                      Joseph H. Hunt, Assistant Attorney General; Anthony C. Payne, Assistant Director; Liza S. Murcia, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Qing Li, a native and citizen of the People's Republic of China, seeks review of a May 21, 2018, decision of the BIA affirming a January 30, 2017, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Li,* No. A 205 402 810 (B.I.A. May 21, 2018), *aff'g* No. A 205 402 810 (Immig. Ct. N.Y. City Jan. 30, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the grounds on which the BIA declined to rely. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). Because the BIA did not rely on the IJ's adverse credibility determination, we assume credibility as to past events and Li's subjective fear of future harm and so do not consider Li's challenge to the IJ's adverse credibility finding. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir. 2005). We review the agency's factual findings for substantial evidence and questions of law and application of law to fact *de novo*. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Under the substantial evidence standard, we owe "substantial deference to the BIA's findings of fact, and we will reverse only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Alvarado-Carillo v. I.N.S.*, 251 F.3d 44, 49 (2d Cir. 2001) (citations and internal quotation marks omitted). In other words, "[t]o reverse the BIA finding we must find that the evidence not only supports th[e] conclusion" that a fear of persecution existed, "but compels it." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (emphasis omitted).

Absent past persecution, an asylum applicant, like Li, may establish eligibility by demonstrating a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). The applicant must "present credible testimony that he subjectively fears persecution and establish that

2

his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate a well-founded fear, an applicant must show either "a reasonable possibility he . . . would be singled out individually for persecution" or that the country of removal has "a pattern or practice" of persecuting individuals "similarly situated" to him. 8 C.F.R. § 1208.13(b)(2)(iii). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(ii).

Li first contends that he demonstrated a pattern or practice of persecution of Christians in China that satisfies his obligation to establish a well-founded fear of future persecution. We disagree. The IJ and the BIA considered the relevant country conditions evidence put forth by Li and concluded that, to the extent the Chinese government has mistreated Christians, it has targeted prominent church members, not average parishioners like Li. The report upon which Li relies acknowledges that the Chinese government has failed adequately to respect religious freedoms for years and has mistreated some adherents, but it also indicates that local authorities in some parts of the country do not interfere with small churches and millions of Christians practice their faith without interference. Indeed, in reviewing other petitions in which the petitioner relied upon the same report, we have previously upheld an IJ's conclusion that the petitioner "failed to demonstrate systemic or pervasive persecution of similarly situated Christians as needed to demonstrate a pattern and practice of persecution in China." *See Wu Xin Chen v. Barr*, 767 F. App'x 73, 76–77 (2d Cir. 2019); *see also Guangzhao Li v. Whitaker*, 758 F. App'x 171, 173 (2d Cir. 2019). Li

3

offers no persuasive reason to reach a different result here.

Next, Li argues that he will be singled out for persecution in China because the Chinese government is aware of his practice of Christianity, as evidenced by the arrest of his fellow church members and the existence of a membership book that contains his name and address, in addition to the authorities' persistent efforts to locate him. But the evidence Li relies on is insufficient to carry his burden. Li testified that his friend and fellow church member told him that the police had a membership book that contained Li's name and address. His father also submitted a letter to the IJ confirming that he had informed Li that the police were looking for him and indicating that the police had regularly returned to Li's home to look for him and threatened to punish him for his participation in Christian activities. But as the IJ and BIA explained, Li has no direct knowledge of any of the facts that undergird his claim that he will be singled out for persecution. He related no encounters with police himself and admitted in his testimony before the IJ that he does not know why the police are interested in arresting him. While a petitioner's direct knowledge of relevant facts is not required to establish an asylum claim, the IJ and BIA permissibly concluded that, under the circumstances of this case, Li's testimony and the letters of interested witnesses were not sufficiently "reliable, specific, [and] objective" to adequately support Li's claim. *See Kyaw Zwar Tun v. U.S. I.N.S.*, 445 F.3d 554, 564 (2d Cir. 2006). The agency permissibly concluded that "the absence of solid support in the record" renders Li's "fear . . . speculative at best." *Jian Xing Huang v. U.S. I.N.S.*, 421 F.3d 125, 129 (2d Cir. 2005). Accordingly, we decline to disturb the agency's denial of Li's asylum application.[1]

---

[1] Li does not separately address his withholding of removal or CAT claims, so he has abandoned any challenges to the agency's denial of these claims. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is **DENIED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court